IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-14-217-C |
| | ) | |
| MAX JONAH ROMERO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant seeks dismissal of the Superseding Indictment, arguing Plaintiff failed to indict him within the time allowed by law. According to Defendant, he was arrested on July 10, 2014, but the indictment was not filed until August 20, 2014, some 40 days later. Relying on 18 U.S.C. § 3161(b), Defendant argues the time to indict is limited to 30 days and thus he is entitled to dismissal.

In response, Plaintiff does not contest the dates outlined by Defendant. However, Plaintiff notes that on August 4, 2014, when Defendant made his initial appearance, the government moved for a detention hearing. Plaintiff argues that motion triggers an excludable time period under 18 U.S.C. § 3161(h)(1)(D). According to Plaintiff, the time between making this motion and its disposition on August 7, 2014, results in four days of excludable time. Relying on this analysis, Plaintiff asserts the speedy trial clock expired on August 21, 2014, and because the Indictment against Defendant was filed on August 20, 2014, it was timely.

In pertinent part 18 U.S.C. § 3161(h)(1)(D) states:

> The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
>> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to–
>>
>> . . .
>>
>> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.

Although the Tenth Circuit has not addressed the issue, the First, Second, Third, and Eighth Circuits have held that various pretrial motions, whether written or oral, are within the scope of § 3161(h)(1)(D). See United States v. Santiago-Becerril, 130 F.3d 11, 16 (1st Cir. 1997) (motion for detention); United States v. Nixon, 779 F.2d 126, 130 (2d Cir. 1985) (motion to surrender passport); United States v. Lattany, 982 F.2d 866, 872, n.6 (3d Cir. 1992) (motion for detention); United States v. Moses, 15 F.3d 774, 777 (8th Cir. 1994) (motion for detention). The Court finds the reasoning employed by these courts persuasive and on that basis concludes the time period from August 4, 2014, to August 7, 2014, is excludable. Consequently, the Superseding Indictment against Defendant was timely filed.

For the reasons set forth more fully herein, Defendant Max Jonah Romero's Motion to Dismiss Indictment (Dkt. No. 271) is DENIED.

IT IS SO ORDERED this 22nd day of October, 2014.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge